UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

DAGOBERTO RIVERA, INC.,

    Plaintiff,

    v.

SAVAGE LABORATORIES, INC.,

    Defendant.

Civil No. 98-2427 (JAF)

## PRETRIAL ORDER

**The Pretrial Conference is scheduled to be held on January 21, 2000, at 12:00 Noon.** The parties will file a Proposed Pretrial Order which will be the product of their joint work. Counsel are directed to meet prior to the date of the pretrial conference to discuss, not only the contents of the Proposed Pretrial Order, but also the possibility of the extrajudicial determination of the action. If settlement cannot be agreed to, the parties will treat during said meeting the designation and marking of exhibits and depositions, as well as the proposed voir dire and jury instructions in the event that the matter is to be tried before a jury.

The Proposed Pretrial Order shall contain the complete caption of the case and shall set forth the following:

### I.

### NATURE OF THE CASE

The parties should attempt to agree on the description to be given under the title "Nature of the Case." Issues of jurisdiction

Civil No. 98-2427 (JAF)                                                    -2-

shall be included herein. In the event that the parties cannot agree on the content under this subsection, each party should give its version of the nature of the case duly identified as plaintiff's statement of the nature of the case, defendant's statement of the nature of the case, etc.

## II.

## THEORY OF THE PARTIES

Each party will be identified fully and its theory of the case, including citations of statutes and/or case law, when applicable, will be given. In this respect, be mindful of <u>Erff v. Markhon Industries, Inc.</u>, 781 F.2d 613, 617 (7th Cir. 1986), and <u>Rodríques v. Ripley Industries, Inc.</u>, 507 F.2d 782, 786-87 (1st Cir. 1974). <u>See also</u> <u>Awilda Ramírez Pomales v. Becton Dickinson & Co., S.A.</u>, 839 F.2d 1, 3-6 (1st Cir. 1988). Attorneys at the pretrial conference must make a full and fair disclosure of their views as to what the real issues of the trial will be, inasmuch as the pretrial order will supersede the pleadings in establishing the issues to be considered at trial.

## III.

## THE ADMITTED FACTS

The parties are directed to fully stipulate all matters which can be the object of admission and/or stipulation. Whenever it is appropriate, a reference to documents which will be submitted in

Civil No. 98-2427 (JAF)                                                    -3-

evidence shall be made in each particular stipulation and/or factual admission.

## IV.

## THE ULTIMATE FACTS WHICH WILL BE DISPUTED

The parties should attempt to agree on which will be the ultimate facts to be disputed. In the event that they cannot reach said agreement, each party should designate what, in its opinion, are the ultimate facts which the Court will have to pass upon to resolve the controversy.

## V.

## LIST OF EXHIBITS AND TRANSLATION OF SAME

Not later than ten (10) working days before the date scheduled for the trial, the parties will meet, after having requested the appropriate appointment, with the Courtroom Deputy Clerk assigned to the presiding judge to mark those pieces of documentary and/or real evidence which will be admitted into evidence, as well as those pieces of documentary and/or real evidence over which there is objection, in which case they will be marked as documents for identification.

In this respect, the parties are warned that this process cannot be pro forma. If at trial the presiding judge becomes aware of the fact that the parties did not engage in a meaningful marking of exhibits' process in light of the Federal Rules of Evidence,

Civil No. 98-2427 (JAF)                                                    -4-

appropriate sanctions will be taken against counsel. <u>See</u> Fed. R. Civ. P. 1 and 28 U.S.C. § 1927.

The Proposed Pretrial Order, under the heading "List of Exhibits and Translation of Same," shall include a list of the exhibits of each party numbered and/or marked in the same fashion as they will be delivered to the Clerk, with an indication as to which are being admitted without objection by opposing counsel.

The parties are aware of the fact that the proceedings in this court are held in English. That means that particular attention should be given to the Clerk's Notice to Counsel 90-4, dated April 20, 1990, on the subject of translations and interpreters. Members of the bar are reminded of the provisions of Local Rule 108 which, in essence, do not allow for the filing of documents in Spanish unless duly translated by court interpreters.

## VI.

## **DEPOSITIONS**

The parties will list each deposition intended to be used at trial, with designation of portions to be used by the party first offering the same. Objections to the use of depositions or to any designated portion not made at the time of the preparation of the Proposed Pretrial Order will be deemed waived.

Civil No. 98-2427 (JAF)                                                    -5-

## VII.

## **THE POINTS OF LAW TO BE PASSED UPON BY THE COURT**

As in other items which could be the object of agreement, the parties are directed to attempt to agree on points of law to be passed upon by the Court. In the event that this is not possible, each party shall state what, in its opinion, are the points of law to be passed upon by the court. Adequate citations to statutes and/or case law should be given when appropriate.

## VIII.

## **PROPOSED VOIR DIRE AND JURY INSTRUCTIONS**

The Proposed Pretrial Order shall incorporate the parties' agreement as to proposed voir dire and proposed jury instructions, both general and specific, related to the particular case in issue. There is no need to propose routinary instructions, often referred to as boilerplate instructions. In the event that the parties cannot agree on this subject, each party shall make a part of the Proposed Pretrial Order, under item VIII, its proposed voir dire questions to the jury and all suggested standard or general instructions, as well as specific instructions to be given to the jury. The parties are advised that the court prefers references to Devitt & Blackmar, _Federal Jury Practice and Instructions_, and/or _Pattern Jury Instructions_, 5th, 7th, 9th, and 11th Circuits, and/or Federal Judicial Center Publications.

Civil No. 98-2427 (JAF) -6-

## IX.

## TECHNICAL WORDS

A list, in alphabetical order, of technical words that could be used during the trial, must be made a part of the Proposed Pretrial Order. This request is for the benefit of court personnel, specifically the court reporter and the court interpreter.

## X.

## WITNESSES

The Proposed Pretrial Order shall contain a list of the potential witnesses to be called by each party, with a brief description of the purpose and/or content of their testimony.

## XI.

## EXPERT WITNESSES

In the event that expert witnesses are to be utilized by the parties, the Proposed Pretrial Order shall contain written stipulations or statements setting forth the qualifications of the expert witnesses to be called by each party. A brief description of the purpose of the expert testimony will be given as it pertains to each expert witness. The parties should be aware of the fact that Fed. R. Evid. 706 allows the court to appoint experts on its own motion and/or on motion of any party.

AO 72
(Rev 8/82)

Civil No. 98-2427 (JAF)                                                  -7-

## XII.

## ITEMIZED STATEMENT OF SPECIAL DAMAGES

In the event that issues of special damages are to be passed upon at trial, an itemized statement of special damages shall be incorporated into the Proposed Pretrial Order. The party or parties not in agreement with the proposed statement of special damages shall include the reasons in opposition under this part of the Proposed Pretrial Order.

## XIII.

## ESTIMATED LENGTH OF TRIAL

The parties will make an estimate of the probable length of trial.

## RESERVATIONS

1. Unless otherwise disposed of by the court, each party is limited to a maximum of three (3) expert witnesses. The court reserves to each party the right to offer rebuttal testimony at trial if necessary. The court also reserves to each party the right to further supplement the list of witnesses upon application to the court and for good cause shown.

2. The Proposed Pretrial Order may only be modified to prevent manifest injustice. Such modification may be made either on application of counsel for the parties or on motion of the court.

3. The parties are reserved the right to supplement their request for jury instructions during trial as it pertains to matters that could not be reasonably anticipated.

4. The Proposed Pretrial Order shall contain the full caption of the case, making reference to appropriate name of each party to the controversy as the same stands for trial purposes.

5. The Proposed Pretrial Order shall be filed **on or before January 18, 2000.**

6. At the time of pretrial, the parties should be prepared to discuss the possibility of bifurcating liability from damages. This applies both to bench and jury trials. The parties are also instructed to prepare and file with their Proposed Pretrial Order their proposed findings of fact and conclusions of law. This applies to bench trials.

## TRIAL

7. If a trial setting has not been given to the parties prior to the Pretrial Conference, the parties should expect a prompt trial setting after the Pretrial Conference. At the time of the conference, the court will determine whether this case is a candidate to be placed on a ready-to-try case list. This will mean that trial may be set on short notice any time thereafter, with at least one week's notice.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 29th day of September, 1999.

JOSE ANTONIO FUSTE
U.S. District Judge